**UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA**

Simon Wynkoop :
120 Bills Lane :
Oil City, PA 16301 :
                Plaintiff(s) :    1:22-cv-225 SPB
                             v. :
Progressive Direct Insurance Company :
6300 Wilson Mills Road :
Mayfield Village, OH 44143 :
                            And :
Erie Insurance Exchange :
100 Erie Insurance Place :
Erie PA 16530 :
                Defendants :

## **COMPLAINT**

## **PARTIES**

1. Plaintiff, Simon Wynkoop, is a resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

2. Upon information and belief, Defendant, Progressive Direct Insurance Company, is a corporate entity authorized to conduct business in the State of Ohio with a business address listed in the caption of this complaint.

3. Upon information and belief, Defendant, Erie Insurance Exchange, is a corporate entity authorized to conduct business in the State of Pennsylvania with a business address listed in the caption of this complaint.

4. Defendant, Progressive Direct Insurance Company, was at all times material hereto, an insurance company, duly authorized and licensed to practice its profession by the Commonwealth of Pennsylvania, and was engaged in the practice of providing insurance

policies, including but not limited to motor vehicle liability policies including underinsured and uninsured motorist coverage.

5. Defendant, Erie Insurance Exchange, was at all times material hereto, an insurance company, duly authorized and licensed to practice its profession by the Commonwealth of Pennsylvania, and was engaged in the practice of providing insurance policies, including but not limited to motor vehicle liability policies including underinsured and uninsured motorist coverage.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the parties and subject matter of this Civil Action-Complaint in that the Plaintiff is a citizen of Pennsylvania and the Defendant, Progressive Direct Insurance Company, upon information and belief is a corporate entity with its principal place of business in Ohio, and the Defendant, Erie Insurance Exchange, upon information and belief is a corporate entity with its principal place of business in Pennsylvania, and the amount in controversy in this case, exclusive of interest and costs, exceeds the sum of $75,000.

7. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(a) (1) and (2) in that this is a judicial district in which a substantial part of the events or omissions giving rise to the claims asserted in this Complaint occurred in this judicial district.

## FACTS

8. On or about June 4, 2021, at approximately 3:00PM, Plaintiff was the operator of a motor vehicle, which was traveling on Elm Street and Clifford Street, Oil City, PA 16301.

9. At the same date and time, tortfeasor, Carol A. Uddin, was the operator of a motor vehicle which was traveling at or near the aforesaid intersection and/or location of plaintiff's vehicle.

10. At or about the same date and time, tortfeasor's vehicle was involved in a motor vehicle collision with Plaintiff's vehicle.

11. The aforesaid motor vehicle collision was the direct result of the tortfeasor negligently and/or carelessly operating his/her vehicle in such a manner so as to strike Plaintiff's vehicle.

12. The aforesaid motor vehicle collision was the result of the negligence and/or carelessness of the tortfeasor and not the result of any action or failure to act by the Plaintiff.

13. As a result of the accident, the Plaintiff suffered serious, severe and permanent bodily injuries, whiplash, shoulder, head, and arm, as set forth more fully below.

## COUNT I
### Simon Wynkoop v Progressive Direct Insurance Company
### Underinsured Motorists Coverage

14. Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

15. The negligence, carelessness of the tortfeasor, which was the direct and sole cause of the aforesaid motor vehicle accident and the injuries and damages sustained by the Plaintiff, consisted of, but are not limited to, the following:

    a. Striking the vehicle of which Plaintiff was passenger;

    b. Operating his/her vehicle into Plaintiff's lane of travel;

    c. Failing to maintain proper distance between vehicles;

d. Operating his/her vehicle in a negligent and/or careless manner so as to strike Plaintiff's vehicle without regard for the rights or safety of Plaintiff or others;

e. Failing to have his/her vehicle under proper and adequate control;

f. Operating his/her vehicle at a dangerous and excessive rate of speed under the circumstances;

g. Violation of the "assured clear distance ahead" rule;

h. Failure to keep a proper lookout;

i. Failure to apply brakes earlier to stop the vehicle without striking Plaintiff's vehicle;

j. Being inattentive to his/her duties as an operator of a motor vehicle;

k. Disregarding traffic lanes, patterns, and other devices;

l. Driving at a dangerously high rate of speed for conditions;

m. Failing to remain continually alert while operating said vehicle;

n. Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

o. Failing to give Plaintiff meaningful warning signs concerning the impending collision;

p. Failing to exercise ordinary care to avoid a collision;

q. Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

    r. Operating said vehicle with disregard for the rights of Plaintiff, even though he/she was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to her;

    s. Continuing to operate the vehicle in a direction towards Plaintiff's vehicle when he/she saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

    t. Failing to operate said vehicle in compliance with the applicable laws and ordinances of the Commonwealth of Pennsylvania pertaining to the operation and control of motor vehicles;

16. As a direct and consequential result of the negligent, careless conduct of the tortfeasor, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions including whiplash, shoulder, head, arm, all to Plaintiff's great loss and detriment.

17. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

18. As an additional result of the carelessness, negligence of defendants, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

19. As a further result of the aforesaid injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

20. Upon information and belief, at the time of the aforementioned motor vehicle collision, the aforesaid tortfeasor's motor vehicle insurance policy and/or liability insurance were insufficient to fully and adequately compensate Plaintiff for the injuries suffered in the above set forth motor vehicle collision and/or other damages and expenses related thereto.

21. At the date and time of the aforementioned motor vehicle collision, Plaintiff, was the passenger of a motor vehicle was covered by a policy of insurance issued by Defendant, under 14904708 which included coverage for underinsured motorist coverage applicable to Plaintiff.

22. Accordingly, Plaintiff asserts an Underinsured Motorist Claim against Defendant.

WHEREFORE, Plaintiff, Simon Wynkoop, demands judgment in Plaintiff's favor and against defendant, Progressive Direct Insurance Company, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

### COUNT II
### Simon Wynkoop v Erie Insurance Exchange
### Underinsured Motorists Coverage

23. Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

24. The negligence, carelessness of the tortfeasor, which was the direct and sole cause of the aforesaid motor vehicle accident and the injuries and damages sustained by the Plaintiff, consisted of, but are not limited to, the following:

    a. Striking the vehicle of which Plaintiff was passenger;

    b. Operating his/her vehicle into Plaintiff's lane of travel;

c. Failing to maintain proper distance between vehicles;

d. Operating his/her vehicle in a negligent and/or careless manner so as to strike Plaintiff's vehicle without regard for the rights or safety of Plaintiff or others;

e. Failing to have his/her vehicle under proper and adequate control;

f. Operating his/her vehicle at a dangerous and excessive rate of speed under the circumstances;

g. Violation of the "assured clear distance ahead" rule;

h. Failure to keep a proper lookout;

i. Failure to apply brakes earlier to stop the vehicle without striking Plaintiff's vehicle;

j. Being inattentive to his/her duties as an operator of a motor vehicle;

k. Disregarding traffic lanes, patterns, and other devices;

l. Driving at a dangerously high rate of speed for conditions;

m. Failing to remain continually alert while operating said vehicle;

n. Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

o. Failing to give Plaintiff meaningful warning signs concerning the impending collision;

p. Failing to exercise ordinary care to avoid a collision;

q. Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

    r.    Operating said vehicle with disregard for the rights of Plaintiff, even though he/she was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to her;

    s.    Continuing to operate the vehicle in a direction towards Plaintiff's vehicle when he/she saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

    t.    Failing to operate said vehicle in compliance with the applicable laws and ordinances of the Commonwealth of Pennsylvania pertaining to the operation and control of motor vehicles;

25. As a direct and consequential result of the negligent, careless conduct of the tortfeasor, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions including whiplash, shoulder, head, arm, all to Plaintiff's great loss and detriment.

26. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

27. As an additional result of the carelessness, negligence of defendants, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

28. As a further result of the aforesaid injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

29. Upon information and belief, at the time of the aforementioned motor vehicle collision, the aforesaid tortfeasor's motor vehicle insurance policy and/or liability insurance were insufficient to fully and adequately compensate Plaintiff for the injuries suffered in the above set forth motor vehicle collision and/or other damages and expenses related thereto.

30. At the date and time of the aforementioned motor vehicle collision, Plaintiff, was the owner of a motor vehicle was covered by a policy of insurance issued by Defendant, under Q02-0160992 which included coverage for underinsured motorist coverage applicable to Plaintiff.

31. Accordingly, Plaintiff asserts an Underinsured Motorist Claim against Defendant.

WHEREFORE, Plaintiff, Simon Wynkoop, demands judgment in Plaintiff's favor and against defendant, Erie Insurance Exchange, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

SIMON & SIMON, P.C.

BY: *Ryan Flaherty/s*
Ryan Flahert, Esquire